UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80237-CIV-MIDDLEBROOKS/JOHNSON

LISA PANCIA, and all
similarly situated individuals,

    Plaintiff,

v.

R.S.D. ASSOCIATES, INC., d/b/a
A-Christian Glass & Mirror Co.

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

This Cause comes before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (DE 6), filed April 9, 2007. The Court has reviewed the record and is fully advised in the premises.

**I. Background**

Plaintiff Lisa Pancia filed a two-count complaint on March 13, 2007, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. Count I states a claim for unpaid overtime compensation pursuant to the FLSA. Count II is styled as a "statutory collective action," and it seeks damages on behalf of all individuals similarly situated to Plaintiff. Defendant seeks to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it is premature and redundant of Count I. Plaintiff has filed a memorandum in opposition to Defendant's motion.

**II. Legal Analysis**

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.  *Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v.  Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The provisions of the FLSA allow for an employee to bring an action for unpaid overtime compensation on behalf of herself and other employees similarly situated.  *See* 29 U.S.C. 216(b). Defendant argues that Count II fails to state a claim at this juncture, as there is no evidence of any additional employees who are similarly situated to Plaintiff.

While I agree that dismissal of Count II is appropriate, I do so for a different reason than the one Defendant puts forward.  Simply put, Plaintiff's Count II does not represent a separate cause of action from Count I.  Plaintiff's claim, for both herself and any other similarly situated employees, is the same.  She alleges that Defendant failed to pay overtime compensation in accordance with the terms of the FLSA.  Styling one count as a "statutory collective action" does not change this fact.

Plaintiff has validly brought her complaint on behalf of herself and all others similarly situated, so there is nothing barring her from moving to certify this case as a collective action, should discovery reveal similarly situated individuals.  However, Plaintiff must move this Court

for an Order certifying the case as an FLSA collective action, and not simply style one of her counts as a collective action. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). Since Count II as currently plead does not state an independent cause of action from Count I, it must be dismissed. This does not bar Plaintiff from moving for certification of a collective action in the future.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II of the Complaint (DE 6) is GRANTED. Count II ONLY is DISMISSED. This dismissal is without prejudice to Plaintiff's right to move for certification of a collective action in the future if appropriate.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 15th day of May 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record